ORVILLE G. HICKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ELSIE M. HICKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hicks v. Commissioner
Docket Nos. 20241-91, 20242-91
United States Tax Court
T.C. Memo 1992-80; 1992 Tax Ct. Memo LEXIS 85; 63 T.C.M. (CCH) 2026; T.C.M. (RIA) 92080; February 10, 1992, Filed *85 Orders and decisions will be entered for respondent. Orville G. Hicks and Elsie M. Hicks, pro se. John Altman, for respondent. DAWSON, BUCKLEY
DAWSON
MEMORANDUM OPINION DAWSON, Judge: These cases were assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b)4 and Rules 180, 181, and 183. [1] After a review of the record, the Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: The Court heard these cases on respondent's motions to dismiss for failure to state a claim upon which relief can be granted, as well as respondent's motions for penalties. We will grant respondent's motions. Petitioners are part of a group of petitioners in the Seattle area who filed identical *86 petitions and read identical statements to this Court at the hearings on respondent's motions to dismiss. See . Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax
Petitioner
Docket No.
Year
Deficiency
Sec.6651(a)(1)
Sec.6653(a)(1)
Orville G.
20241-91
1988
$ 44,714
$ 11,179
$ 2,236
Hicks
Elsie M.
20242-91
1988
$ 42,458
$ 10,577
$ 2,123
Hicks
Petitioners, who are husband and wife, resided at Sumas, Washington, when they filed their petitions herein. The petitions are identical in nature. Each requests "dismissal of illegal assessment of fraudulent or understatement tax return penalties without a taxpayers return, and for lack of subject matter jurisdiction, for the years ending December 31, 1988". The gist of petitioners' argument is that a notice of deficiency can only be issued to taxpayers who file Federal income tax returns, and that a taxpayer's own return is required to invoke the jurisdiction of this Court. Petitioners further contend that they were not required to and did not file a Federal income tax return *87 for 1988, or an estimated tax return for that year. Petitioners do not contest that they received income for 1988. Their sole argument appears to be based upon the discreditable theory that the system of income taxation in this country is voluntary in nature. Prior to the hearing herein, the Court held a chambers conference with both petitioners in order that they might be fully informed that the Court considered their petitions to be frivolous, and that, if they persisted in such arguments, the Court would be inclined to impose sanctions under the provisions of section 6673. Petitioners acknowledged, in open Court, that they were duly warned that their petitions were frivolous and failed to state a cause of action. Nevertheless, they persisted in their frivolous arguments that our system is voluntary, that self-assessment is required before a notice of deficiency can be issued, and that they had not chosen to self assess their taxes. Petitioners further argued that there can be no deficiency in tax until there has been an assessment. Petitioners' arguments are no more than stale tax protestor contentions long dismissed summarily by this Court and others which have heard such *88 contentions. Our system of taxation is not voluntary in nature. See, e.g., . Petitioners were required to file Federal income tax returns for 1988, and their failure to do so does not serve to insulate them from the issuance of a notice of deficiency by respondent. See, e.g., . There is simply no point to an extended discussion of the law in this regard. As we stated in , affd. : The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions.
Respondent's motions to dismiss for failure to state a claim are well taken. We note in particular that petitioners do not contest that they earned the income in question, and they admit that they did not file Federal income tax returns. Rule 34(b) provides in pertinent part that *89 the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Neither petitioner has satisfied these requirements. The facts upon which they rely are not facts, but rather their mistaken theory of the basis for their claim. Neither petitioner has asserted any justiciable errors of law or fact in respondent's determinations. We further note that Rule 34(b)(4) provides that "Any issue not raised in the assignment of errors shall be deemed to be conceded". The notices of deficiency in these two cases are based upon Forms 1099-S indicating the receipt of capital gains from the sale of real estate in the amount of $ 143,375. The Court was concerned that petitioners, who did not strike us as sophisticated persons, had been influenced by outside persons to make their tax protestor arguments and did not recognize the consequences of their arguments. Thus, we discussed with them at some length in chambers the fact *90 that the taxation system was not voluntary; that if they had sold real estate, the amount realized on the sale was subject to reduction for their cost basis in the property; that if they had sold their principal residence and purchased a replacement residence they might be entitled to roll over the gain or some portion thereof and delay taxation; and, lastly, that if they were over 55 years of age and had sold their residence they might be entitled to exclude a substantial portion of the gain. The Court repeated these comments on the record. Nevertheless, despite the Court's best efforts, petitioners chose to pursue their tax protestor arguments. There comes a time when the Court cannot protect litigants from the folly of their ill-taken arguments. Therefore, because respondent's determinations in the notices of deficiency are presumed correct and petitioners have the burden of proving that the determinations are incorrect, we hold that they have failed to meet this burden. Rule 142(a); ; , affg. . Consequently, *91 there are no justiciable issues for trial in these cases, and petitioners have failed to state claims upon which relief can be granted. We now turn to respondent's motions for penalties under the provisions of section 6673. We went to pains to advise petitioners prior to the hearing that their positions were frivolous in nature, and that if they persisted in their arguments we would impose sanctions. Petitioners, however, chose to adhere to their preconceived but incorrect view of the law. "Fere libenter homines id quod volunt credunt." [2] Accordingly, we will grant respondent's motions and require each petitioner to pay a penalty to the United States in the amount of $ 4,000. To reflect the foregoing, Orders and decisions will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. "Men willingly believe what they wish." Julius Caesar, "De Bello Gallico", I. iii. 18.↩